UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

IN RE:                                                                                          Chapter 7

Moonrock Bar & Grille, LLC
d/b/a Champlin Grille                                                          Case No. 09-47936-NCD

     and

Donato Enterprise, LLC                                                     Case No. 09-47938-NCD


     Debtors.

_____

NOTICE OF HEARING AND MOTION OF TRUSTEE FOR AUTHORITY TO SELL REAL
PROPERTY AND PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF
LIENS

_____

TO:    Parties specified in Local Rule 9013-3.

       Timothy D. Moratzka  ("Trustee") as Chapter 7 Trustee for the Bankruptcy Estate of the

above referenced Debtors, by and through his undersigned attorneys, moves the Court for the

relief requested below and gives notice of hearing.

       The Court will hold a hearing on this motion at 1:30 p.m. on September 21, 2010, before

the Honorable Nancy C. Dreher in Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street,

Minneapolis, Minnesota.

       Any response to this motion must be filed and served not later than September 16, 2010,

which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and

holidays).  UNLESS A WRITTEN RESPONSE IS TIMELY FILED, THE COURT MAY

GRANT THE MOTION WITHOUT A HEARING.

## JURISDICTION

1.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Fed.R.Bankr.P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The

petitions commencing voluntary Chapter 11 case were filed on November 23, 2009.  These cases

were converted to Chapter 7 on August 9, 2010 are now pending in this Court.

2.      This motion arises under 11 U.S.C. §363(b)(1) and (f) and Bankruptcy Rule 6004.

This motion is filed under Bankruptcy Rule 9014 and Local Rules 6004-1 and 9013-1 through

9013-3.

## RELIEF SOUGHT

3.      The Trustee requests an order authorizing him to sell the Estate's interest in

certain real property described in the attached Exhibit A to the Motion (the "Real Property") and

all Personal Property including but not limited to the property listed in the Debtors' Schedule B.

4.      Since 2004, Moonrock Bar & Grille, LLC d/b/a Champlin Grille ("Moonrock")

has leased certain real property located at 11680 Theatre Drive, Champlin, Minnesota

("Property") from Donato Enterprise, LLC ("Donato") for the purpose of operating a family

owned and operated restaurant specializing in Italian-American cuisine.  Moonrock and Donato

are owned by the same ownership group and are managed by the same individuals.

5.      Donato is a Minnesota limited liability company which owns certain real property

located at 11680 Theatre Drive, Champlin, Minnesota.  Moonrock is a Minnesota limited

liability company and owns the Personal Property used in business operations.

THE OFFER TO PURCHASE

6.      The Trustee has received an offer to purchase the Estate's interest in the Real

Property and Personal Property from Maple Bank (the "Bank") for the sum of Twenty- Thousand

Dollars ($20,000).  The Estate's interest in the Real Property is a burden and the interest in the

Personal Property is disputed.

7.      The Bank holds a claim in the aggregate amount of $2,003,189.10 as of

November 23, 2009, which was the date that the bankruptcy petitions were filed ("Petition

Date").  The Bank's claim arises as a result of two separate loans identified below as the 2005

Note and the 2007 Note.  The unpaid balances of the 2005 Note and the 2007 Note, as of

November 22, 2009, are $1,901,907.46 and $101,281.64 respectively; together with further

costs, fees and interest after said date at the existing rates under the Loan Documents, but only to

the extent, if any, allowable under 11 U.S.C. §506(b).

8.      The Bank holds properly perfected mortgages in the Real Property as follows:

- 1st Mortgage dated July 30, 2004, in the amount of $1,480,000.00 recorded with the office of the Registrar of Titles on August 3, 2004 as Doc. No. 3998808;

- 2nd Mortgage dated March 18, 2005 in the amount of $337,340.00 and recorded with the office of the Registrar of Titles on March 24, 2005 as Doc. No. 4093260; and

- 3rd Mortgage dated February 2, 2007 in the amount of $100,000.00 and recorded with the office of the Registrar of Titles on March 19, 2007 as Doc. No. 4367779.

These mortgages describe a security interest which the Trustee disputes as

unperfected.

9.      The sale is free and clear of all liens, claims, and interests, except as set forth

herein, and the Order approving the Sale will provide for a sale of the Estate's interest in the

Real Property and Personal Property, free and clear of liens with certain, if any, liens attaching to the proceeds or paid at closing.

STATEMENT OF BUSINESS JUDGMENT

10.     Trustee has received no other firm offers in writing to purchase the Real Property and Personal Property and believes that the proposed offer represents the best price that can be obtained for the Estate's interest in Real Property and Personal Property.  According to the market analysis dated March 17, 2010, the value of the Real Property was than $1,131,000.00.

11.     The Assessor's Estimated Market Value ("AEMV") is $1,300,000.00  as of January 2009, of record for Parcel ID No. 31-120-21-21-0109.

12.     Trustee has received no other inquiries about acquisition of the Real Property and Personal Property.  The Trustee believes that the proposed sale of Real Property and Personal Property is in the best interests of the Estate and its creditors and should be approved.

13.     The Proceeds from the sale will be distributed equally between the two Bankruptcy Estates captioned above.

13.     The sale does not have a disproportionately negative tax effect on the Estate based on the Trustee's analysis of the Estate's tax attributes.

14.     The Trustee's opinions as to value of the Real Property and Personal Property being sold are supported by the market conditions, the depreciating value of the Personal Property and the inability to generate any other offers.

15.     The Trustee, in his discretion and exercising his business judgment, may withdraw this motion to sell at any time prior to court approval.

WHEREFORE, the Trustee requests that the Bankruptcy Court grant his request for authority to sell the Estate's interest in Real Property and the Personal Property to the Bank and that certain liens shall attach to the proceeds.


Dated: <u>August 26, 2010</u>       MACKALL, CROUNSE & MOORE, PLC

                <u>/e/Timothy D. Moratzka</u>
                Timothy D. Moratzka (#75036)
                Attorney for Trustee
                1400 AT&T Tower
                901 Marquette Avenue
                Minneapolis, MN 55402
                (612) 305-1400

<u>VERIFICATION</u>

Timothy D. Moratzka declares under penalty of perjury that the foregoing is true and

correct according to the best of my knowledge, information and belief.

Executed on:  <u>August 26, 2010</u>                    Signed:<u>  /e/Timothy D. Moratzka          </u>
                                                                 Timothy D. Moratzka

**Parcel 1:**
That part of Lot 1, Block 1, Elm Creek Commons, according to the recorded.plat.thereof, Hennepin County, Minnesota, lying Northerly, Westerly and Northwesterly of the following described line:

Commencing at the Southwest corner of said Lot 1; thence North 1 degree 33 minutes 44 seconds West assumed bearing along the West line of said Lot 1, a distance of 235.64 feet to the point of beginning of the line to be described; thence North 88 degrees 25 minutes 49 seconds East, 109.18 feet; thence along a tangential curve concave to the Northwest, 17.34 feet, said curve having a radius of 11.00 feet and a central angle of 90 degrees 18 minutes 12 seconds; thence North 1 degree 52 minutes 23 seconds West, 20.71 feet; thence North 88 degrees 07 minutes 37 seconds East, 185.82 feet to the East line of said Lot 1 and there terminating.

**Parcel 2:**
That part of Outlot A, Elm Creek Commons, according to the recorded plat thereof, Hennepin County, Minnesota, lying Southerly and Southwesterly of the following described line:

Commencing at the Northeast corner of said Outlot A; thence South 0 degrees 26 minutes 13 seconds West on an assumed bearing along the East line of said Outlot A a distance of 95.08 feet to the point of beginning of the line to be described; thence South 88 degrees 07 minutes 37 seconds West, 100.00 feet; thence North 54 degrees 22 minutes 45 seconds West, 115.00 feet to the West line of said Outlot A and there terminating.

Together with Cross Easement Agreement filed as Document Number 4081095.

**EXHIBIT**

tabbies*

*A*

## Hennepin County, Minnesota

Home

---



**Property Information Search Result**

The Hennepin County Property Tax web database is updated
daily (Monday - Friday) at approximately 9:15 p.m. (CST)

*Search By:*



**HOUSE or BUILDING
#:**
11680
**STREET NAME:**
(at least first 3
characters)
Theatre
**UNIT #** (if applicable)

Search | Clear

20 ▾ records per page

### Parcel Data for Taxes Payable 2010

🖨Print  [VIEW MAP] [TAXES DUE] [PAYMENT OPTIONS] [CURRENT YEAR VALUES] [PRIOR YEAR TAXES]

| | |
|---|---|
| **Property ID:** | 31-120-21-21-0109 |
| **Address:** | 11680    THEATRE DR N |
| **Municipality:** | CHAMPLIN |
| **School Dist:** | 011    **Construction year:** 2004 |
| **Watershed:** | 0    **Approx. Parcel Size:** IRREGULAR |
| **Sewer Dist:** | |
| **Owner Name:** | DONATO ENTERPRISES LLC |
| **Taxpayer Name** | DONATO ENTERPRISES LLC |
| **& Address:** | 17644 WEAVER LAKE DR |
| | MAPLE GROVE MN 55311 |

### Most Current Sales Information

Sales prices are reported as listed on the Certificate of Real Estate Value and are not warranted to represent arms-length transactions.

| | |
|---|---|
| **Sale Date:** | July, 2004 |
| **Sale Price:** | $572,517 |
| **Transaction Type:** | Vacant Land |

### Tax Parcel Description

| | |
|---|---|
| **Addition Name:** | ELM CREEK COMMONS |
| **Lot:** | |
| **Block:** | 001 |
| **Metes & Bounds:** | THAT PART OF LOT 1 LYING NLY AND NWLY |
| | OF A LINE DESC AS COM AT THE SW COR |
| | THOF TH N 01 DEG 33 MIN 44 SEC W |
| | ASSUMED BRG ALONG THE W LINE OF SAID |
| | **Note: This is a Partial Metes & Bounds Description.** |
| | **To receive full tax parcel description, email request to** |
| | **taxdescription@co.hennepin.mn.us** |
| **Abstract or Torrens:** | TORRENS |

### Value and Tax Summary for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

| | |
|---|---|
| **Estimated Market Value:** | $1,300,000 |
| **Taxable Market Value:** | $1,300,000 |
| **Total Improvement Amount:** | |
| **Total Net Tax:** | $43,642.41 |
| **Total Special Assessments:** | $910.73 |
| **Solid Waste Fee:** | |
| **Total Tax:** | $44,553.14  [TAXES DUE] |

### Property Information Detail for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

| Values: | |
|---|---|
| **Land Market** | $465,000 |
| **Building Market** | $835,000 |
| **Machinery Market** | |
| **Total Market:** | $1,300,000 |
| **Qualifying Improvements** | |
| **Veterans Exclusion** | |

| Classifications: | |
|---|---|
| **Property Type** | COMMERCIAL |
| | PREFERRED |
| **Homestead Status** | NON-HOMESTEAD |

**Relative Homestead**
**Agricultural**
**Exempt Status**

Hennepin County is providing this information as a public service.
Tax related questions:     taxinfo@co.hennepin.mn.us

Need help locating a property on our site? Check out our **Search Tips**

Copyright © 2009 - 2010  Hennepin County, Minnesota     Contact | Privacy/Security Statement | Accessibility Policy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

IN RE:                                                                    Chapter 7

Moonrock Bar & Grille, LLC                                    Case No. 09-47936-NCD
d/b/a Champlin Grille

     and

Donato Enterprise, LLC                                         Case No. 09-47935-NCD

     Debtors.

_____

MEMORANDUM IN SUPPORT OF MOTION OF TRUSTEE FOR
AUTHORITY TO SELL PROPERTY OF THE ESTATE
_____

Timothy D. Moratzka ("Trustee") submits this memorandum of law in support of the

motion to sell Estate's interest in certain Real Property.

## INTRODUCTION

This Court should enter an order authorizing Trustee to sell the Real Property and

Personal Property described in the Motion and held by the Trustee of the above Debtor to Maple

Bank (the "Bank"), because doing so would be in the best interests of the Estate.

## FACTS

The Facts are set forth in the Motion.

## ARGUMENT

Trustee has agreed to sell the Estate's interest in the Real Property and  Personal

Property.  Trustee asserts the acceptance of the offer is a good faith exercise of his business

judgment and is within the scope of his authority as trustee.  Trustee believes that the sale price

is justified by market conditions and the depreciation of the Personal Property.  Tax

consequences to the Estate are not extraordinary. Such decisions should be upheld by the Court.

One Court has stated the proposition, as follows:

> Absent fraud or mismanagement on the part of the trustee, the court will not attempt to second-guess the trustee's business judgment made in good faith, upon a reasonable basis and within the scope of the trustee's authority.

In re AFCO Enter., Inc., 35 B.R. 512, 517 (Bankr.D.Utah 1983 (citing In re Curfew

Valley Assoc., 14 B.R. 506 (Bankr.D.Utah 1981)). Trustee believes the price to be paid

by the Bank for the Real Property and Personal Property is reasonable under the facts and

circumstances. Pursuant to 11 U.S.C. § 363(b)(1), the Trustee is permitted, after notice

and hearing, to use, sell or lease, other than in the ordinary course of business, property of

the Estate. Only the Buyer has an interest in the property being sold.

Under 11 U.S.C. §363(f), the Trustee is permitted to sell property under § 363(b) free and

clear of any interest of an entity other than the estate only if:

1. applicable non-bankruptcy law permits sale of such property free and clear of such interest;

2. such entity consents;

3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. such interest is in bona fide dispute; or

5. such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest. See 11 U.S.C. § 363(f); In re Kellstrom Industries, Inc. 282 B.R. 787, 793-96 (§ 363(f) is written in disjunctive; the court approved the sale where only one of the five conditions were met).

### CONCLUSION

For the reasons stated above, the Court should enter an order authorizing Trustee to sell

the Estate's interest in the Real Property and Personal Property held by the Bankruptcy Estates to

The Bank for the sum of Twenty -Thousand ($20,000), free and clear of liens, and distribute the

proceeds equally between the two Bankruptcy Estates.


DATED: <u>August 26, 2010</u>    MACKALL, CROUNSE & MOORE

          By: <u>/e/Timothy D. Moratzka</u>
          Timothy D. Moratzka (Attorney No. 75036)
          Attorneys for Trustee
          1400 AT&T Tower
          901 Marquette Avenue
          Minneapolis, MN  55402
          (612) 305-1400


1281723.1-TDM

IN RE:                                                                                          Chapter 7

Moonrock Bar & Grille, LLC
d/b/a Champlin Grille                                                          Case No. 09-47936-NCD

          and

Donato Enterprise, LLC                                                     Case No. 09-47938-NCD

          Debtors.

ORDER APPROVING SALE

This case came before this Court pursuant to the Trustee's Motion for Authority to Sell

Real Property and Personal Property of the Estates.  All parties having received proper notice

and no objections filed.  Based upon the files, records and proceedings herein,

          IT IS ORDERED:

          1.        The Trustee sell the following Real Property and Personal Property held by the

above Bankruptcy Estates, for the sum of Twenty-Thousand Dollars ($20,000) to Maple Bank:

                    See attached.

          2.        The sale will be free and clear of liens.

          3.        The Trustee is authorized and empowered to fully perform, consummate and

implement the Sale of the Real Property and Personal Property and execute all additional

instruments and documents that may be reasonably necessary or desirable to implement and give

effect to the Sale order and to take all further actions as may reasonably be requested by the

Bank for the purpose of assigning, transferring, granting and conveying the Real Property and

Personal Property to the Bank and complete any other acts, as may be otherwise necessary or

appropriate to the performance of the obligations as contemplated by the Sale.

       4.       The proceeds from the sale be distributed equally between the two Bankruptcy

Estates.

       5.       The balance of proceeds of the sale shall be held by Trustee subject to further

order of the Court.


DATED: _____          _____
                                      Nancy C. Dreher
                                      United States Bankruptcy Judge

**Parcel 1:**
That part of Lot 1, Block 1, Elm Creek Commons, according to the recorded plat thereof, Hennepin County, Minnesota, lying Northerly, Westerly and Northwesterly of the following described line:

Commencing at the Southwest corner of said Lot 1; thence North 1 degree 33 minutes 44 seconds West assumed bearing along the West line of said Lot 1, a distance of 235.64 feet to the point of beginning of the line to be described; thence North 88 degrees 25 minutes 49 seconds East, 109.18 feet; thence along a tangential curve concave to the Northwest, 17.34 feet, said curve having a radius of 11.00 feet and a central angle of 90 degrees 18 minutes 12 seconds; thence North 1 degree 52 minutes 23 seconds West, 20.71 feet; thence North 88 degrees 07 minutes 37 seconds East, 185.82 feet to the East line of said Lot 1 and there terminating.

**Parcel 2:**
That part of Outlot A, Elm Creek Commons, according to the recorded plat thereof, Hennepin County, Minnesota, lying Southerly and Southwesterly of the following described line:

Commencing at the Northeast corner of said Outlot A; thence South 0 degrees 26 minutes 13 seconds West on an assumed bearing along the East line of said Outlot A a distance of 95.08 feet to the point of beginning of the line to be described; thence South 88 degrees 07 minutes 37 seconds West, 100.00 feet; thence North 54 degrees 22 minutes 45 seconds West, 115.00 feet to the West line of said Outlot A and there terminating.

Together with Cross Easement Agreement filed as Document Number 4081095.

**EXHIBIT**

tabbies®

*A*

## Hennepin County, Minnesota

Home





### Property Information Search Result

The Hennepin County Property Tax web database is updated
daily (Monday - Friday) at approximately 9:15 p.m. (CST)

**Search By:**

PROPERTY ID

ADDRESS

ADDITION NAME

INTERACTIVE MAP

**HOUSE or BUILDING #:**
11680

**STREET NAME:**
(at least first 3 characters)
Theatre

**UNIT #** (if applicable)

Search | Clear

20 ▼ records per page

### Parcel Data for Taxes Payable 2010

Print | VIEW MAP | TAXES DUE | PAYMENT OPTIONS | CURRENT YEAR VALUES | PRIOR YEAR TAXES

| | |
|---|---|
| Property ID: | 31-120-21-21-0109 |
| Address: | 11680    THEATRE DR N |
| Municipality: | CHAMPLIN |
| School Dist: | 011           Construction year: 2004 |
| Watershed: | 0            Approx. Parcel Size: IRREGULAR |
| Sewer Dist: | |
| Owner Name: | DONATO ENTERPRISES LLC |
| Taxpayer Name & Address: | DONATO ENTERPRISES LLC |
| | 17644 WEAVER LAKE DR |
| | MAPLE GROVE MN 55311 |

### Most Current Sales Information

Sales prices are reported as listed on the Certificate of Real Estate Value and are not warranted to represent arms-length transactions.

| | |
|---|---|
| Sale Date: | July, 2004 |
| Sale Price: | $572,517 |
| Transaction Type: | Vacant Land |

### Tax Parcel Description

| | |
|---|---|
| Addition Name: | ELM CREEK COMMONS |
| Lot: | |
| Block: | 001 |
| Metes & Bounds: | THAT PART OF LOT 1 LYING NLY AND NWLY |
| | OF A LINE DESC AS COM AT THE SW COR |
| | THOF TH N 01 DEG 33 MIN 44 SEC W |
| | ASSUMED BRG ALONG THE W LINE OF SAID |
| | **Note: This is a Partial Metes & Bounds Description. To receive full tax parcel description, email request to taxdescription@co.hennepin.mn.us** |
| Abstract or Torrens: | TORRENS |

### Value and Tax Summary for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

| | |
|---|---|
| Estimated Market Value: | $1,300,000 |
| Taxable Market Value: | $1,300,000 |
| Total Improvement Amount: | |
| Total Net Tax: | $43,642.41 |
| Total Special Assessments: | $910.73 |
| Solid Waste Fee: | |
| Total Tax: | $44,553.14   TAXES DUE |

### Property Information Detail for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

**Values:**

| | |
|---|---|
| Land Market | $465,000 |
| Building Market | $835,000 |
| Machinery Market | |
| Total Market: | $1,300,000 |
| Qualifying Improvements | |
| Veterans Exclusion | |

**Classifications:**

| | |
|---|---|
| Property Type | COMMERCIAL PREFERRED |
| Homestead Status | NON-HOMESTEAD |

**Relative Homestead**
**Agricultural**
**Exempt Status**

Hennepin County is providing this information as a public service.
Tax related questions:      taxinfo@co.hennepin.mn.us

Need help locating a property on our site? Check out our **Search Tips**

Copyright © 2009 - 2010  Hennepin County, Minnesota      Contact | Privacy/Security Statement | Accessibility Policy